UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>MERCHANT SERVICES DIRECT, LLC, et al.,<br><br>                    Defendants. | NO:  13-CV-0279-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT are the parties' stipulated motions for a protective order (ECF Nos. 38 and 39).  These matters were considered on an expedited basis without oral argument.  The stipulated motions are **GRANTED**.

**IT IS HEREBY ORDERED:**

The parties, their representatives, agents, experts, and consultants, and any other interested persons, including non-parties from whom information may be sought in discovery, shall be entitled to the benefits of and adhere to the following

PROTECTIVE ORDER ~ 1

terms regarding documents, data, other information, and tangible things that are produced, made available for inspection, disclosed, or filed in this case:

I. Parties and non-parties shall designate and mark as "CONFIDENTIAL" any document, data, other information, or tangible thing, or portion thereof, produced to the other party, in anticipation of the hearing on the FTC's Temporary Restraining Motion ("TRO Motion"); in discovery; or for the purposes of settlement, that the producing person believes in good faith contains:

    A. Sensitive personally identifiable information containing the following:

        1. An individual's Social Security Number (or foreign equivalent);

        2. Sensitive health information, including information relating to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual;

        3. A biometric identifier, including any measurable anatomical, physiological, or behavioral characteristic collected or used for purposes of automated identity verification or other types of authentication (e.g., fingerprints, palm prints, iris and retina

PROTECTIVE ORDER ~ 2

                    scans, facial characteristics, and signature and voice dynamics);

                    or

          4.     An individual's name or address or phone number in combination with one or more of the following: date of birth; driver's license number or other state identification number, or foreign country equivalent; military identification number; passport number; financial account number; or credit or debit card number; or

    B.     Trade secrets or other non-public, confidential, proprietary, sensitive business, personal, commercial, or financial information.

II.   Any document, data, other information, or tangible thing, or portion thereof so designated shall be treated as "Confidential Material" for purposes of this Protective Order; *provided, however,* that any document, data, other information, or tangible thing that is otherwise publicly available shall not be treated as Confidential Material. By designating information as Confidential Material, a producing person is certifying to the Court within the meaning of Federal Rule of Civil Procedure 26(g) that there is a good faith basis both in law and fact for the designation.

III.   All material designated and marked "CONFIDENTIAL" pursuant to Section I and produced in this action shall be disclosed only to the following:

PROTECTIVE ORDER ~ 3

A. The Court and Court personnel during the course of this litigation;

B. Professional copying, reproduction, data management, data entry, data processing, or document management companies or contractors of any party.  Before receiving any Confidential Material, each person listed in this subparagraph must read this Protective Order, and acknowledge in writing by executing the agreement attached hereto as **Appendix A**, that he or she agrees to be bound by the terms of the Order;

C. Stenographers engaged to transcribe depositions or other testimony conducted in this action;

D. Employees of the FTC;

E. Defendants, their officers, directors, and employees, and any of their counsel, including any professionals or paraprofessionals engaged by such counsel, including their associates, office staff, and litigation support assistants who are involved in the defense of this litigation;

F. Experts and consultants retained by the parties for purposes of this lawsuit, provided that disclosure to such experts and consultants is limited to Confidential Material related to and necessary for the purposes for which the expert or consultant was retained by the party, and provided that before receiving Confidential Material, they, as a

PROTECTIVE ORDER ~ 4

condition of being furnished Confidential Material, agree to treat all material as confidential and proprietary and to use all material solely for the purposes of this lawsuit and for no other purpose whatsoever. Before receiving any Confidential Material, each person listed in this subparagraph must read this Protective Order, and acknowledge in writing by executing the agreement attached hereto as **Appendix A**, that he or she agrees to be bound by the terms of the Order, provided that, in lieu of the signed agreement in **Appendix A**, the FTC's counsel may obtain an executed FTC Form X-033-Nondisclosure Agreement for Contractors;

G. Persons who have had prior access to the Confidential Material, solely to the extent of disclosing such information to which they have had access, except that, unless and until counsel confirms that any such persons have had access, only as much of the Confidential Material may be disclosed as may be necessary to confirm the person's access;

H. To Congressional committees and subcommittees and their staffs, to the extent required by the Commission's Rules of Practice, 16 C.F.R. § 4.11(b), with notice provided in accordance with that subsection;

I. To other Federal, State, or foreign law enforcement agencies, to the extent required by, and only after such agencies comply with, the

1    requirements set forth in the Commission's Rules of Practice, 16
2    C.F.R. § 4.11(c), (j), with notice provided in accordance with those
3    subsections; and
4    J.   Pursuant to, and only to the extent the Commission is required to
5         comply with, any court order, compulsory process, subpoena,
6         document production request, interrogatory, or other request for the
7         production of Confidential Materials, consistent with the
8         Commission's Rules of Practice, 16 C.F.R. § 4.11(e); provided,
9         however, that the FTC shall notify counsel for the Defendants as soon
10        as practicable of the receipt of any such request, unless the FTC is
11        prohibited by court order from providing such notice.
12   IV.  Each person or entity to whom Confidential Material is disclosed shall be
13        provided with a copy of this Protective Order.
14   V.   Confidential Material shall be protected from disclosure at all times and
15        confidentiality shall only be lifted pursuant to the procedures outlined in
16        **Section XV** of this Protective Order.  All Confidential Material shall be used
17        by the parties solely for the purposes of prosecution, settlement, or defense
18        of this lawsuit and for no other purpose whatsoever and shall not be
19        disclosed to any person except in accordance with the terms hereof.
20

PROTECTIVE ORDER ~ 6

VI. If any party uses any Confidential Material during a deposition, the party shall request the stenographer or court reporter to separately bind and mark as "Confidential - Subject to Protective Order" the portion of the deposition transcript during which the Confidential Material was disclosed or discussed. Any such confidential portion of a deposition transcript shall be deemed Confidential Material, subject to the terms of this Protective Order.

VII. Within seven days of the entry of this Order, any person who previously produced material shall designate any such material as **"CONFIDENTIAL"** to the extent such information constitutes protected information as defined in this Order.

VIII. All transcripts of depositions taken in this action shall be treated as if designated "CONFIDENTIAL" for a period of twenty-one (21) days after a full and complete copy of the transcript has been available to the deponent or deponent's counsel. Any deponent or counsel for that deponent or counsel for a party may designate during the deposition or during the twenty-one-day period after the transcript is available from the court reporter any portion of the transcript as "CONFIDENTIAL" by denominating by page and line, and by designating any exhibits, that are to be considered "CONFIDENTIAL." Such designation shall be communicated to all parties before the expiration of the twenty-one-day period.

1  IX.   Nothing contained in this Protective Order shall be construed to limit any
2         party's right to use or offer in Court any Confidential Material, except that
3         no Confidential Material shall be used or offered in Court or filed in the
4         public record absent the consent of the disclosing party or as set forth below
5         in Sections X and XI.
6  X.    In the event that any Confidential Material is filed, such Confidential
7         Material, and any pleadings, motions or other papers filed with the Court
8         disclosing any such Confidential Material, shall be filed in compliance with
9         Fed. Rule Civ. P. 26(c), and any applicable local rule, with respect to
10        nondispositive motions, as follows:
11        A.    Counsel shall meet and confer before filing documents under seal.  To
12              the extent possible, counsel shall submit, along with any document
13              filed under seal, a stipulation and proposed order pursuant to Local
14              Rules.
15        B.    If the Parties cannot reach an agreement, a properly noted motion to
16              seal must be filed prior to or contemporaneously with a filing that
17              relies on the documents sought to be filed under seal pursuant to Local
18              Rules.  If the party submitting the material is not the party that
19              designated the material as confidential, then the party submitting the
20              material shall provide the designating party no less than four business

        days advance notice of its intention to file the material so that the designating party may prepare and file a motion to seal, if necessary, at the same time as the material is submitted to the Court.  In such instance, if the designating party intends to file a motion to seal, then the designating party shall notify the submitting party within one business day of receiving the above-described notice, and the submitting party shall then file the confidential material under seal pursuant to Local Rules pending disposition of the designating party's motion to seal.

  C.  Any motion to seal filed under any subsection of this **Section X** shall be filed in accordance with Local Rule 7.1.  The Clerk of the Court shall maintain the Confidential Material under seal until the Court rules on the motion to seal, subject to the provisions of the following **Section XI**.

XI.  In the event the Court denies a motion to seal documents containing Confidential Material, the sealed documents will be unsealed unless the Court orders otherwise, or unless the party that is relying on the sealed documents, after notifying the opposing party within three days of the Court's order, files a notice to withdraw the documents.  If a party withdraws a document on this basis, the parties shall not refer to the

1       withdrawn document in any pleadings, motions and other filings, and the

2       Court will not consider it.

3  XII.  While a motion to seal is pending, no party shall make use in open court of

4       any documents that are subject to that motion to seal without the consent of

5       the designating party or the permission of the Court. In the event that any

6       Confidential Material is used in any Court proceeding in connection with

7       this action and is inadvertently disclosed, it shall not lose its protected status

8       through such use.

9  XIII. Reasonably before trial, the parties shall meet and confer and thereafter

10      propose amendments to this Protective Order regarding use of Confidential

11      Material at trial.

12 XIV.  Any production of information without its being designated as

13      "CONFIDENTIAL" shall not thereby be deemed a waiver of any claim of

14      confidentiality as to such information, and the same may thereafter be

15      designated "CONFIDENTIAL." Upon receiving notice from a producing

16      person that confidential information has not been previously denominated,

17      the parties shall make reasonable efforts to re-denominate and appropriately

18      treat all such information. Any such subsequent designation, however, shall

19      not apply retroactively to any previously disclosed information for which

20      disclosure was proper when made.

PROTECTIVE ORDER ~ 10

XV. Any party may at any time request in writing of any producing person that any Confidential Material be released from the requirements of this Order. The party and the producing person shall confer, and if they are unable to reach an agreement on the confidentiality of the material, the party requesting that the Confidential Material be released from the requirements of this Order may move the Court for appropriate relief.  In the event that a party moves the Court for a release from the requirements of this Order and such motion is opposed, the burden shall be on the producing person if the non-producing person had objected in writing within twenty-one (21) days from the date of receipt of any production designated as Confidential Material as to the propriety of the designation.  In the event that no timely objection was made, the burden shall be on the non-producing person to show that the designation was improper.  The terms of this Order shall continue to apply to such material until the Court rules on the motion.

XVI. Inadvertent production of any documents, data, other information, or tangible things that a producing person later claims should not have been produced because of a privilege including but not limited to the attorney-client privilege, deliberative process privilege, law enforcement privilege, work product doctrine, or common interest doctrine will not be deemed to waive any privilege.  A producing person may request the return of any

PROTECTIVE ORDER ~ 11

inadvertently produced privileged document, data, other information, or tangible thing by identifying the inadvertently produced item and stating the basis for withholding the item from production.  If a producing person requests the return, pursuant to this paragraph, of any inadvertently produced privileged item then in the custody of a party, the party shall, within five days, return the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof) and expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item.  The party returning such item may then move the Court for an order compelling production of the material, but such party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

XVII.  At the time that any consultant or other person retained by counsel to assist in the prosecution or defense of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with notes, memoranda, or other papers containing confidential information. At the conclusion of this action, any subsequent proceedings based thereon, or any related actions, and upon request of any producing person, the non-governmental parties shall return or destroy all

PROTECTIVE ORDER ~ 12

documents obtained in these actions that contain or refer to confidential matters or information (and, if destroyed, shall provide a producing person with a declaration of destruction); provided, however, that privileged documents or attorney work product need not be returned or destroyed. The FTC shall retain, return, or destroy documents in accordance with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12. The terms of this Protective Order shall continue to apply to all documents retained by any person after the conclusion of these actions.

XVIII. Nothing in this Protective Order restricts any party from using or disclosing, his, her, or its own Confidential Material for any purpose.

XIX. The FTC and Defendants each reserve the right to apply to the Court to modify this Protective Order, or for such other relief as they deem advisable.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** August 8, 2013.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 13

# APPENDIX A

Declaration of Acknowledgment of Receipt of Protective Order

I, _____, state as follows:

1. My address is: _____

   _____.

2. My present occupation is: _____.

3. I have received a copy of the Protective Order in the action styled *Federal Trade Commission v. Merchant Services Direct, LLC*, 13-CV-00279-TOR, pending in the United States District Court for the Eastern District of Washington. I have carefully read and understand the provisions of the Protective Order.

4. I agree to comply with and be bound by all provisions of the Protective Order. I understand that unauthorized disclosure of designated Confidential Material constitutes a breach of the Protective Order, and I understand that failure to comply with the Protective Order could expose me to sanctions and punishment in the nature of contempt.

5. I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

6.   I agree that I will not use or disclose in any manner any Confidential Material subject to this protective Order except in strict compliance with the provisions of this Protective Order.

7.   I agree to return all documents containing Confidential Material to the attorneys who presented this Acknowledgment to me within sixty (60) days after the conclusion of this litigation whether by dismissal, final judgment or settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____   Signature: _____

PROTECTIVE ORDER ~ 15