LESLIE R. WEATHERHEAD, WSBA #11207
BRYCE J. WILCOX, WSBA #21728
GEANA M. VAN DESSEL, WSBA #35969
JEFFREY R. SMITH, WSBA #37460
LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Phone: (509) 324 9256
Email:  LeslieW@leehayes.com
        Bryce@leehayes.com
        GeanaV@leehayes.com
        JeffreyS@leehayes.com

*Counsel for Defendant Merchant Services Direct, LLC*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. CV-13-279-TOR |
| Plaintiff, | DECLARATION OF REBECCA JENSEN RE MOTION FOR TEMPORARY RESTRAINING ORDER |
| vs. | |
| MERCHANT SERVICES DIRECT, LLC, a Washington Limited Liability Company, also dba SPHYRA, INC., *et al.*, | |
| Defendants. | |

Rebecca Jensen declares under penalty of perjury:

1. I am over the age of 18 years, and competent to testify as to the matters stated in this declaration, which I make from my personal knowledge and

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 1

as occasionally indicated from the books and records within my custody and control at Sphyra, LLC, which was formerly called Merchant Services Direct (and which for brevity I will call "MSD" in this declaration).

2. I am a resident of Spokane, Washington. I am a graduate of the University of Washington, where I graduated in 1989 with a BA degree in business administration, with a concentration in accounting. I was certified in public accountancy in 1991, but did not pursue my license until 1995 because I was raising three (and, at the time, soon to be four) children who were very young at that time (I am proud to say that two of those children are now college graduates, one is in college, and the fourth is a senior in high school). I began my career in accounting with Deloitte & Touche in 1990. I took a few years off with the children before I started my own practice as a licensed CPA from 1995 until 2007, when I sold my practice. In 2010 I let my license lapse to "retired" status, since I was not practicing (in conformity with a covenant not to compete that was part of the agreement for the sale of my practice).

3. In December, 2008, a friend told me that MSD really needed bookkeeping help. I inquired, and was hired as a part time outside bookkeeper. I did some basic bookkeeping and assisted in the preparation of tax returns, but was not an employee of the business, for over four years. I was an outside bookkeeper

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

part time until May, 2011, by which time I was effectively doing full time work for MSD, so began working inside its offices, though I was not then an employee. I became a full time employee of MSD January 1, 2013, and was given the title "Chief Financial Officer". I was given the opportunity to become one of the owners of MSD, and became a member of the limited liability company December 12, 2012, where I continue to serve still as its Chief Financial Officer. I now manage the entire accounting function of the organization.

4. I am an honest and hard-working person and I would not willingly be associated with a company that I did not view as honest and striving to provide value for its customers. That is not the picture that the government seeks to paint of MSD, but I do not believe the government's picture accurately portrays the company as I know it. MSD has had problems -- many that got the attention of the Better Business Bureau and the Washington government (which conducted an investigation with MSD's full cooperation), but to my certain knowledge, MSD has been working hard and earnestly over the past two years to address identified concerns, and has made substantial improvements. I know other people from MSD are providing declarations describing MSD's efforts to improve training and ethical compliance among the outside sales force, and to improve customer relations and complaint resolution – in the last two years alone MSD's

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

administrative staff covering these areas and accounting has grown from five people to twenty-five. I would like to describe for the Court the improvements within my area of responsibility, the bookkeeping and financial affairs of MSD.

5. I did observe in the first couple of years I worked as an outside bookkeeper for MSD that the company did not have its financial affairs well organized and documented, and I gradually worked to remedy that situation. I organized the company's books, I formalized its methods of tracking its assets, liabilities, income and expenses, I instituted controls over expense reimbursements, and I am confident that as of today the finances of MSD are well ordered and documented. I know where every penny comes from into MSD, and I know where every penny goes, and every penny is documented so that the company's finances are fully transparent. We have had one audit of the company books with the Washington Department of Revenue and another with the Employment Security Department since I began working with the company, and to the best of my recollection the only issues they found were due to errors prior to the time I worked with the company or before I was responsible for issuing all of the accounts payable and payroll. No one from the Federal Trade Commission or Attorney General's Office has asked me to describe or demonstrate any of this. I could easily have done so.

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

6. I have carefully reviewed the declaration filed in this case by Amy Brannon-Quale. I would want the Court to be aware of the following facts:

a. The first and perhaps most important fact that Ms. Brannon-Quale omits is that MSD is a limited liability company (often referred to as an "LLC"). Though I am not a lawyer, I am familiar (as a former CPA) with partnerships, corporations and limited liability companies from the perspective of their finance and taxation matters. I am aware that limited liability companies are designed to give owners of the company the legal protection that corporations give to shareholders, while assets and income are treated more the way they are treated in partnerships. Thus, the members of a limited liability company are the owners of, and are taxed upon, the profits of the company (whether or not they withdraw the profits from company accounts). Therefore, so long as enough money is left in the company to ensure that it can regularly meet its known and anticipated obligations, there is nothing irregular or improper in the owners taking funds out for their own purposes, so long as these transactions are appropriately documented and authorized by management. Since I have served as Chief Financial Officer, that has been the case.

b. I can track, and give details of, every expenditure made by MSD. One of the controls that I introduced came in July, 2012, when we

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

instituted a Purchase Card program with Wells Fargo. Now, department managers and administrative staff use these cards for business expenses. The balances due on the purchase cards are paid to Wells Fargo each month in full, and all charged expenses are documented with receipts. Where a MSD member uses a card for personal expenses, our accounting staff codes the expense as a "member draw."

    c.    On July 8, 2013, Mr. Dove's relationship in the limited liability company was bought-out, the terms of which were heavily negotiated by the members. The buy-out terms required a payment of $385,520.04 in July, 2013, which was made two weeks ago. The only other payment MSD has made to its members since March 1, 2013 were tax payments totaling $62,252.15 on behalf of Messrs. Hurley and Dove. It is very common for limited liability companies and subchapter S corporations to make such tax payments, since ALL net earnings of the company are personally taxable to the owners, whether or not they take the earnings out of the company.

    d.    At no time since I have been running the financial affairs of the company has it been insolvent. The company carries very little debt – about $11,000 on one company car loan and the remaining debt for Mr. Dove's buyout, which is about $800,000 payable over three years (of which $150,000 is subject

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

to a holdback to cover contingent liabilities), all duly documented in formal agreements and a promissory note. The company's cash flows are always managed to ensure that all obligations of the company – typically its payroll and regular commission payments to outside salespeople – are provided for. We usually carry a minimum of $100,000 in the company checking account to meet current obligations to vendors, tax authorities, employees and sales agents.

  e. Ms. Brannon-Quale identifies, in paragraph c of her declaration, approximately $750,000 in monthly cash flows at MSD, and states that "[i]t is unclear where the money has gone . . ." Ms. Brannon-Quale never asked MSD for details. If she had, I could have told her exactly where the money has gone. It is a fact that though cash flows at MSD vary, as in every business, from month to month, MSD typically sees about $482,000 in revenues monthly. It's monthly expenses also vary, but it typically spends roughly the following amounts:

  1. $190,200 in commission payments to independent sales agents.

  2. $16,000 in cost of goods sold for equipment and services for our merchant.

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

3. $90,300 in payroll and benefits. This includes salaries for myself and Shane Hurley, the owners of the business; salaries for the 23 paid administrative staff of MSD; and employee benefits (I am very proud of the fact that MSD provides including medical, dental, disability and Simple IRA benefits for all of its staff).

4. $26,700 in office rental and equipment expense.

5. $10,200 in advertising expense.

6. $17,400 in taxes (including payroll withholding and remittances of B&O taxes to the state of Washington).

7. $60,000 twice per year in training seminars for the independent sales agents, which works out to an average of about $10,000 per month.

8. $6,000 per month in travel expenses to support our independent agent offices and trade events.

9. $3,000 in office administrative expenses.

10. Additional company profits over the last few months have been saved in order to facilitate the buyout of Mr. Dove, but the company had planned on investing future profits in the development of a new point of sale system for our merchants that would have allowed small merchants the

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

opportunity to avoid the large upfront cost typical with these systems, as well as additional staff in our Spokane office. These projects have had to be put on hold due to our expected legal expenses related to this case.

11. MSD's counsel requested from FTC, and made available to me, copies of the bank statements that Ms. Brannon-Quale reviewed. I have reviewed them, and find that they are entirely in order and consistent with MSD's books and records. There are no payments reflected in the records of which I was not aware, or which are in any way improper or consistent with the appropriate business needs of MSD. At paragraph 18(c) of her declaration, Ms. Brannon-Quale implies that there is something wrong with the business deposits and withdrawals in the months of Dec. 2011, Jan. 2012, Feb. 2012, Dec. 2012, Jan. 2013 and Feb. 2013. But she does not identify any single specific transaction about which she is concerned so it's difficult to know which transactions she is alleging are improper or why she is concerned. If it is helpful to the Court I could explain the purpose of each withdrawal for each of the months to show that there is absolutely nothing improper about any of the withdrawals.

f. Ms. Brannon-Quale notes that funds are moved between two accounts; the business account numbered 9558 and the business savings account numbered 6469, implying that there is something improper about these transfers.

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

There is nothing improper about them. The transfers are part of a "sweep" arrangement set up by Wells Fargo. This is a very standard cash management tool for businesses, whereby unneeded funds from checking accounts are periodically "swept" into an interest-bearing account.

    g.    I am at a loss as to why the Ms. Brannon-Quale implies, and the FTC asserts that MSD is mismanaging the company assets. When I owned my accounting firm in Spokane, I worked with over 100 small businesses, to which I used to provide write-up and outsourced accounting services for over ten years, and I am very familiar with the problems inherent in small business accounting. I can say unreservedly that MSD is much better at handling its finances than the majority of my former small business clients.

    h.    In fact, this lawsuit started against the company by the government represents the actual threat to the solvency of the company. It is compromising our relationships with other key participants in our business, and we are having to pay lawyers for our defense.

    7.    I am aware that the government's lawyers have acknowledged that MSD provides an important service to its customers, and has stated that it does not intend to hurt those customers by putting MSD out of business. But this lawsuit has already hurt MSD – Dunn & Bradstreet advises it has downgraded

DECLARATION OF REBECCA JENSEN  
RE MOTION FOR TRO - 10

LEE & HAYES, PLLC  
601 West Riverside Avenue, Suite 1400  
Spokane, Washington 99201  
Telephone: (509)324-9256 Fax: (509)323-8979

MSD's credit rating because of the lawsuit, and a leasing company we do business for has suspended new contracts until the case is resolved – and the order that the government is asking the Court to enter will damage it irreparably. I have reviewed the proposed order and believe that if the Court enters it, it will destroy MSD as an operating concern. I am particularly worried about the following:

    a.      The government asks the court to freeze all of MSD's assets, and to forbid MSD to accept payments from its customers or pay its expenses. This absolutely terrifies me. Such an order will unavoidably put a complete stop to MSD's ability to do business. Moreover, it would cause incalculable harm to good people who work for MSD. I am particularly distressed at the prospect that MSD will miss payroll payments to its paid staff, all of whom are good, honest workers and many of whom are young, working mothers, who will lose their pay and benefits, and most of whom are not likely to have alternative sources of financial support in the near term to pay their rent, feed their families and meet daycare expenses. I am heartsick at the thought of it.

    b.      Among the reasons I agreed to assume responsibility for MSD's financial affairs, and become an owner/employee of MSD, was that I have observed Shane Hurley to be very much interested in running a good operation

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

and reinvesting MSD earnings back into the company to improve and grow it. Among the plans we have made, which are now on hold, are development of a cloud-based point of sale program for merchants that would enable them to track and obtain valuable sales data without investing in expensive hardware, as they currently must; development and employment of software to help ensure that salespeople avoid errors in making estimates of costs and savings in the field; and development of a suite of additional business services for our customers, to enhance the value to them of their relationship to MSD. MSD has invested, by my conservative estimate, nearly 4500 hours of staff time (at a payroll cost of conservatively $66,500) in developing these initiatives along with a brand new training regime and the rebranding of MSD to Sphyra. To be prevented from funding these initiatives will be very detrimental to MSD's progress and future profitability.

  c. The government proposes that MSD should pay a receiver $325 per hour to do what, as I have explained, I am already doing. I assume the receiver would have a lawyer, and that MSD would have to pay that professional too. Respectfully it makes no economic sense to impose a receiver who will bill $325 an hour to furnish the kinds of reports that I am already regularly preparing, perfectly capable of providing, and willing to provide as the Court may direct. I

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 12

do not believe MSD could carry that financial burden without a significant increase in sales growth (which I do not foresee until MSD has resolved this lawsuit). That would mean MSD would have to lay off some of its administrative staff, which would be very harmful at a number of levels. First, as I have said, I am aghast at the thought many of our staff would lose their livelihoods, including the benefits that we provide them and their families. Second, we have grown the staff significantly over the last two years as part of the effort to organize the business, get better control of its finances, improve training and oversight of outside sales people, and improve customer relations by providing better communications and prompt responses to customer complaints. The effect of the order sought by the government would be to move us backward from the goal of improved operations that we share with the government.

        d.      The order would forbid MSD agents from telling customers that their terminals are outdated or incompatible with processing services we are selling, *even when that is true*. That involves several potential harms to MSD and its customers. First, I am not a technical expert relating to terminal technology, but is my understanding and belief that in fact some retailers who already have terminals can't use those terminals with processors whose services we sell, for certain reasons. For example, many POS systems require their customers to use

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 13

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

terminals that are part of their proprietary systems. For another example, every processor requires retailers to use terminals that are "PCI compliant" ("PCI" stands for "Payment Card Industry", and a "PCI Council" exists to set standards, mostly related to the security of customer information, which various participants in credit card transactions must adhere to). It is my understanding that not all equipment out there is PCI compliant. If a merchant wants to accept credit cards, it must have a terminal that protects its customer's information, or the processors will not authorize that merchant. For another example, the technology in the credit card industry is constantly evolving. For the most extreme example, within the next couple of years it is widely believed that American credit card issuers will follow developments in Europe and Canada where "EMV" cards – which contain a chip that can be read by a terminal, secured by a PIN code. Even now there are newer terminals that are better than old ones. The continuing obsolescence of technology is not something MSD contrived, and I cannot see how it is fair to either MSD or its customers to forbid MSD to truthfully tell its customers either that they have to have newer terminals to get the services they want, where that is the situation, or that there is better equipment available than what they have and that MSD is willing to sell them.

///

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 14

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

8. I would respectfully ask the Court to refuse to enter an order that will devastate MSD's business, and end the livelihoods of the people who work for MSD.

Signed under penalty of perjury at Spokane, WA this 9th day of August, 2013

*Rebecca Jensen* (signature)
Rebecca Jensen

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 15

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone (509)324-9256 Fax (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2013, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Nadine Samter | nsamter@ftc.gov |
| Jennifer Larabee | jlarabee@ftc.gov |
| Carl Oreskovich | carl@ettermcmahon.com |
| | Jodi@ettermcmahon.com |
| | jody@ettermcmahon.com |
| Ryan D. Yahne | ryan@pyklawyers.com |
| | bbrown@pyklawyers.com |
| Michael Thurman | mthurman@loeb.com |
| | mortiz@loeb.com |
| Bryce Wilcox | Bryce@leehayes.com |
| | joann@leehayes.com |
| | Julie@leehayes.com |
| Geana Van Dessel | GeanaV@leehayes.com |
| | LaurieD@leehayes.com |
| Jeffrey R. Smith | jeffreys@leehayes.com |
| | joann@leehayes.com |
| | Julie@leehayes.com |
| Michael L. Mallow | mmallow@loeb.com |
| | vgarza@loeb.com |

///

///

///

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 16

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

| | |
|---|---|
| 1 | I further certify that I have mailed by United States Postal Service the |
| 2 | document to the following non-CM/ECF participants: |
| 3 | |
| 4 | Christine M Reilly |
| | Loeb & Loeb LLP |
| 5 | 10100 Santa Monica Blvd; 22nd Floor |
| | Los Angeles, CA 90067 |
| 6 | |

                                          *s/ Geana M. Van Dessel*
                                            Geana M. Van Dessel

DECLARATION OF REBECCA JENSEN
RE MOTION FOR TRO - 17

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979