LESLIE R. WEATHERHEAD, WSBA #11207
BRYCE J. WILCOX, WSBA #21728
GEANA M. VAN DESSEL, WSBA #35969
JEFFREY R. SMITH, WSBA #37460
LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Phone: (509) 324 9256
Email: LeslieW@leehayes.com
　　　　Bryce@leehayes.com
　　　　GeanaV@leehayes.com
　　　　JeffreyS@leehayes.com

*Counsel for Defendant Merchant Services Direct, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MERCHANT SERVICES DIRECT, LLC, a Washington Limited Liability Company, also dba SPHYRA, INC., *et al.*, <br><br> Defendants. | No. CV-13-279-TOR <br><br> DECLARATION OF JULIA C. ALLEN RE MOTION FOR TEMPORARY RESTRAINING ORDER |

Julia C. "Christy" Allen declares under penalty of perjury:

1. I am over the age of 18 years, and competent to testify as to the matters stated in this declaration, which I make from my personal knowledge and

DECLARATION OF CHRISTY ALLEN - 1

as occasionally indicated from the books and records within my custody and control at Sphyra, LLC, which was formerly called Merchant Services Direct (and which for brevity I will call "MSD" in this declaration).

2. I am a resident of Spokane, Washington. I am a graduate of Chula Vista Adult School and have seven years of community college between Southwestern College in Chula Vista, CA and Spokane Community College in Spokane, WA. I have approximately 3.5 years of call center experience and was on the escalations queue (meaning I took calls where customers requested to speak with a supervisor) for a major financial institution for several months during my time with ICT, a local call center. I am the mother of three very well-adjusted adult daughters.

3. I was hired by MSD in July, 2012. MSD had at that time just created a new Customer Relations department, to improve its services to customers. I was brought in run it. I was told that the goal of this department was to provide a higher level of customer service than our processing bank (iPayment) was known to provide, as well as to decrease our rate of account cancellations, and to improve the number of merchants who actually process on the accounts they signed up for (or reduce attrition and increase activations).

DECLARATION OF CHRISTY ALLEN - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

4.  My title is "Customer Relations Supervisor," and I oversee a staff of two other people. Our job is to take phone calls from merchants who are our customers, assist them in resolving any issues, and resolve any complaints. MSD strongly desires to keep its paying customers as long as possible because it is the most profitable to the business, and my job is to help support that effort. As part of that objective, I have substantial authority to do what is necessary to make customers happy (i.e., offer discounts, waive fees, reduce rates, etc.) and my staff and I try to do so. It is our goal to answer every call promptly, and to work as quickly as possible to provide any needed assistance and/or resolve any complaints.

5.  I have read the government's motion papers, and am able to tell the Court that certain statements in them are definitely wrong.

6.  The government says that "Typically, consumers pay more for processing through [MSD] than they were paying through their former processor." To the best of my knowledge the government has not spoken to more than a few of our thousands of customers, so I don't know the basis of that assertion. I do know that we do not always know how much the merchants who contract with us are saving (they do not always choose to share the details of their previous arrangements with us). I am aware from records of MSD to the extent

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

MSD has data, that data shows that the "typical" merchant is in fact saving money by dealing with us. I also know that if I or my staff receive a complaint from one of our merchant customers that the merchant does not believe it is saving money with us as compared to its previous processing arrangement, it is our policy to request copies of statements sent by the merchant's previous processor, so that we can do a comparison (if we do not already have them on file), and we offer to do a rate review to make sure that the merchant is doing better with us. If we discover that the merchant is in fact not saving money with us, we are authorized by MSD to provide discounts as necessary to make the customer satisfied. In addition, if the customer is not satisfied, we are authorized to tell the merchant MSD will let them cancel their agreements without early termination fees. Of our thousands of active merchants, we (as a department) may field a call or two regarding rate reviews in a day, and there are days (or sometimes weeks) when we don't hear a single claim that a merchant is paying more with MSD than they were with their old processor, so the volume of our customers calling with claims that they are not saving money with MSD is fairly low. Not that merchants don't call in asking for us to lower their rates on a daily basis (they do), but the majority of these calls are simply from merchants requesting rate reductions for additional savings, not because they are paying more with MSD.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

7. The government's assertions that merchants "who call Defendants' main customer service number to obtain refunds or to cancel report receiving only empty promises to correct problems" is confusing, because the FTC doesn't identify what it means by "the main customer service number." The Court should be aware that MSD arranges processing services on behalf of iPayment, which in turn works with FirstData. The billing invoice sent to our merchant customer is generated by iPayment. That invoice has a phone number for iPayment on it. If a customer calls that number with a question or problem, the call is supposed to be routed to a person at iPayment or MSD, depending on the nature of the issue. For example, questions about refunds, rate adjustments or cancellations are directed by iPayment to MSD. One of the reasons I was hired was that the call forwarding system is sometimes frustrating for customers, and sometimes mistakes get made in forwarding calls to the correct entity. In an effort to avoid those problems, and to make things easier for our merchant customers, in June of 2011, MSD adopted a policy of making a "welcome call" to each new merchant customer to introduce ourselves and provide customers with our contact details. It is our policy to make three attempts to call the new customer within two weeks after the customer is signed up.

DECLARATION OF CHRISTY ALLEN - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

8. The government states that customers "who insist on cancelling sometimes wait for months for [MSD] to cancel their accounts," implying that this is the deliberate policy of MSD. It is not. MSD's policy is to handle customer issues as promptly and reasonably as possible. I can't say that no customer who wanted to cancel ever experienced delays in cancellation, because I know that it has happened. But in every case where I have seen it happen the problem has been that the customer didn't receive and fill out the cancellation forms sent by our department, or didn't send them in (or did, but for some reason they didn't reach us). When those situations crop up, and the fault is ours, we have backdated refunds to the date cancellation should have been accomplished.

9. The government quotes a script that I wrote, almost immediately after I first arrived at MSD, that:

> "If your merchant states that their agent lied to them, tell your merchant, "I'm so sorry there was a miscommunication between your agent and you, but ___ is one of our best agents, and I'm sure he/she would never intentionally mislead you." If appropriate say something like, "I know that when you're signing up, lots of facts and figures get tossed out quickly, and it can be easy for all the details not to get absorbed, and sometimes agents forget to mention every little thing."

I did write that, and intended it to be used to train the additional staff that was soon to be hired to support me in the new Customer Relations department. The purpose of the script was to prevent polarization of customer and agent; it

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

was my hope that approaching a conversation with a customer in this light would allow the sales agent and the merchant customer an opportunity to successfully resolve concerns or issues rationally. To the best of my recollection it was only used in 2011, and we have since completed new training materials which do not contain this statement.

10. Based upon that script, the Government asks the Court to assume that "Defendants are well aware that their agents routinely lie to consumers and yet do nothing to remedy it." That assumption is completely unwarranted. The reality of the situation is: We are well aware that some merchants sometimes *claim* that they were misled by agents. But I know (and can prove, through both written records and recorded telephone calls with the merchants) that the merchants who make those claims are *frequently* wrong in their perception or recall of events. I do not accuse them of lying; I give them the benefit of assuming there was a miscommunication or other mistake. It is not a matter of indifference to dishonesty by outside sales agents; it is the reality that claims of dishonesty are not always well-founded. It was in that frame of mind that I drafted the script: there might or might not have been a miscommunication, and it might or might not have been innocent, and it might be the merchant, not the agent, who is being less than forthright.

DECLARATION OF CHRISTY ALLEN - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

11. But the accusation that we are indifferent to claims of misrepresentation by agents is completely false. Over time as I developed the Consumer Relations department, I noticed that we might see the name of the same agent crop up more than once in connection with merchant complaints. I instituted a records system so that we could formally keep track of complaints; that system includes the name of the agent who brought the customer to MSD. MSD takes merchant complaints very seriously. We have an action matrix detailing MSD's discipline policies and thresholds relating to different types of conduct. For example, our policies for some allegations require fewer than three complaints total before the agent is terminated and disassociated, while other, less severe allegations require more than five total complaints. By way of more specific example, under MSD's policy, if we received a complaint from three different merchants in three months, or five times total, alleging that an agent told them something different than what the documentation they signed stated, we would release the merchant (and any subsequent merchant lodging the same complaint about that agent) from their contract obligations without fee if we were unable to retain the merchant after taking all other steps to satisfy the merchant. That sales agent's name would then be referred to MSD's legal administrative agent, Becky Strantz, who, with the support of our lawyers, is responsible for

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

taking measures to ensure that agent causes no more problems, either through corrective action or disassociation and termination from MSD.

12. I believe that MSD is a good company providing valuable services to merchants who need credit card facilities to maintain and grow their businesses. I acknowledge that MSD is not perfect, but it is working hard to make sure any unhappy customer is satisfied. The government's claims to the contrary are just not true.

Signed under penalty of perjury this 9 day of August, 2013, at Spokane Washington.

_____
Julia C. "Christy" Allen

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2013, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Nadine Samter | nsamter@ftc.gov |
| Jennifer Larabee | jlarabee@ftc.gov |
| Carl Oreskovich | carl@ettermcmahon.com |
| | Jodi@ettermcmahon.com |
| | jody@ettermcmahon.com |
| Ryan D. Yahne | ryan@pyklawyers.com |
| | bbrown@pyklawyers.com |
| Michael Thurman | mthurman@loeb.com |
| | mortiz@loeb.com |
| Bryce Wilcox | Bryce@leehayes.com |
| | joann@leehayes.com |
| | Julie@leehayes.com |
| Geana Van Dessel | GeanaV@leehayes.com |
| | LaurieD@leehayes.com |
| Jeffrey R. Smith | jeffreys@leehayes.com |
| | joann@leehayes.com |
| | Julie@leehayes.com |
| Michael L. Mallow | mmallow@loeb.com |
| | vgarza@loeb.com |

///
///
///
///

DECLARATION OF CHRISTY ALLEN - 10

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Christine M. Reilly
Loeb & Loeb LLP
10100 Santa Monica Blvd; 22nd Floor
Los Angeles, CA 90067

                                    *s/ Geana M. Van Dessel*
                                    Geana M. Van Dessel

DECLARATION OF CHRISTY ALLEN - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979